UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JEFFERY JACKSON,

       Plaintiff,

v.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN, et al.,

       Defendants
                                       /

Case No. 1:25-cv-00325

Hon. Jane M. Beckering
U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

*Pro se* Plaintiff Jeffrey Jackson filed this complaint against the Western District of Michigan Clerk's Office and Supervisor "Nick". (ECF No. 1.) Jackson also moves to proceed *in forma pauperis* (ECF No. 2) and for an emergency injunction (ECF No. 3). In his complaint, Jackson claims that he is the Emperor of the Moorish Empire, and he explains that he is making a special appearance under the Treaty of Peace and Friendship (1787/1836) and Article VI of the U.S. Constitution. (ECF No. 1, PageID.1.)

Jackson says that the U.S. Supreme Court requires the filing of petitions by mail and does not accept filing in person at the local district office. (*Id*., PageID.2.) Jackson says that he communicated his inability to follow the U.S. Supreme Court filing procedures to the Clerk's Office. But he claims that he did not receive "reasonable accommodations or alternatives that would allow him to file without paying postage." (*Id*.) Therefore, because Jackson did not receive the

1

"accommodation" that he wanted, he filed this lawsuit naming the Western District of Michigan Clerk's Office and Supervisor "Nick".

Jackson has repeatedly filed frivolous lawsuits in this Court. As a result, on March 26, 2025, this Court issued an order requiring Jackson to prepay all future filing fees unless he obtains a signature from a licensed attorney admitted to practice in the Western District of Michigan certifying that Jackson's complaint is not frivolous, malicious, or brought in bad faith. *Jackson v. U.S. Government*, No. 1:25-cv-196 (ECF No. 8, PageID.28.)

This lawsuit is also frivolous, malicious, and brought in bad faith. However, because Jackson filed this lawsuit before the Court imposed the above restriction, it is recommended that the Court grant Jackson's motion to proceed *in forma pauperis* (ECF No. 2), and then screen this case, and dismiss it as frivolous and malicious and for failing to state a claim.

**II. Standard of Law**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations,

a plaintiff's allegations must include more than labels and conclusions. *Id.* The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a "'probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III. Analysis

Jackson says that his Fifth Amendment due process rights were violated, a fiduciary duty was breached, and his access to the courts were denied because the Western District of Michigan refused to accommodate his request for an alternative procedure to file a petition in the U.S. Supreme Court. Jackson says that he cannot pay the cost of mailing his petition to the U.S. Supreme Court.

First, the Western District of Michigan Clerk's Office is not a legal entity capable of being sued. The Clerk's Office is an office located inside the federal court building. Jackson is attempting to sue the United States of America. Jackson has failed to show that the United States waived sovereign immunity. The United States

and its agencies are protected by the doctrine of sovereign immunity. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Id*. Plaintiff's failure to allege or identify an express waiver of sovereign immunity requires dismissal of the claims asserted against the United States or its agencies. *Sanders v. Michigan Supreme Ct.*, No. 16-12959, 2018 WL 3301842, at *3 (E.D. Mich. Feb. 26, 2018), *report and recommendation adopted,* No. 16-12959, 2018 WL 1466084 (E.D. Mich. Mar. 26, 2018). Therefore, it is the opinion of the undersigned, that Jackson's claims against the United States District Court Clerk's Office are frivolous.

Similarly, Jackson's claim against Supervisor "Nick" is frivolous, malicious, and fails to state a claim upon which relief may be granted. Jackon has failed to assert any fact that could establish that Supervisor "Nick" violated his rights. Accepting Jackson's claims as true, Supervisor "Nick" has no ability to change U.S. Supreme Court filing procedures. In addition, when the Court grants an indigent plaintiff *in forma pauperis* status, it allows a plaintiff to proceed without paying the filing fee. The Court does not provide funding to pay the costs of the plaintiff's litigation. It remains Plaintiff's responsibility to pay the costs of his litigation. It is well-settled that litigants generally bear their own litigation expenses. *Smith v. Yarrow*, 78 F. App'x 529, 544 (6th Cir. 2003) ("there is no constitutional or statutory requirement that the government or Defendant pay for an indigent prisoner's [litigation] efforts"); *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993); *Kirk v. Simpson*, No. 93-5668, 1994 WL 443461, at *2 (6th Cir. Aug. 15, 1994).

### IV. Recommendation

The undersigned respectfully recommends that the Court dismiss Jackson's complaint in this case because it is frivolous and malicious, and fails to state a claim upon which relief may be granted.

Dated:  March 27, 2025                             /s/ *Maarten Vermaat*
                                                                   MAARTEN VERMAAT
                                                                   U. S. MAGISTRATE JUDGE

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).